1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE
8    _____
                                             )
9    STEVEN W. JOHNSON,                       )     Case No. C12-1117RSL
                                             )
10                          Plaintiff,        )
            v.                                )
11                                            )     ORDER REGARDING CROSS-
     ROBINSON HOLDINGS (USA) LTD, et al.,     )     MOTIONS FOR
12                                            )     SUMMARY JUDGMENT
                            Defendants.       )
13   _____)

14
15          This matter comes before the Court on "Plaintiff's Motion for Partial Summary

16   Judgment" (Dkt. # 24) and "Defendants' Motion for Summary Judgment" (Dkt. # 27).  Plaintiff

17   alleges that defendants (a) breached a contract in which Quadra Mining Ltd., plaintiff's

18   employer, promised to pay certain benefits if there were a change of control over the company,

19   (b) discriminated against plaintiff based on his age, and (b) are obligated to pay termination

20   benefits under the doctrine of promissory estoppel.  Plaintiff seeks a summary determination of

     his breach of contract claim.  Defendants seek dismissal of all of plaintiff's remaining claims.
21
            Summary judgment is appropriate when, viewing the facts in the light most
22
     favorable to the nonmoving party, there is no genuine dispute as to any material fact that would
23
     preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc.,
24
     676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the
25
     initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v.
26
     ORDER REGARDING CROSS-MOTIONS
     FOR SUMMARY JUDGMENT

1  Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record

2  that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the

3  moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

4  fails to identify specific factual disputes that must be resolved at trial.  Hexcel Corp. v. Ineos

5  Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence of a scintilla of

6  evidence in support of the non-moving party's position will not preclude summary judgment,

7  however, unless a reasonable jury viewing the evidence in the light most favorable to the non-

8  moving party could return a verdict in its favor.  U.S. v. Arango, 670 F.3d 988, 992 (9th Cir.

9  2012).

10          Having reviewed the memoranda, declarations, and exhibits submitted by the

11  parties,[1] the Court finds as follows:

12      **A.  Change of Control Provision**

13          In order to retain key management personnel despite "the distraction arising from

14  any possible change of control of the Company," defendants offered plaintiff an Addendum to

15  Employment Agreement that essentially gave him one year following any such change to decide

16  whether the new arrangement was acceptable to him.  If the change of control resulted in a

17  decrease in pay, a fundamental change in position, duties, or responsibilities, circumstances

18  constituting constructive dismissal, or relocation, plaintiff could resign within one year of the

19  change of control and defendants would have to pay certain termination benefits, including a

20  year's salary.  A "Change of Control" was defined as:

21          (a) any person or combination of persons acting jointly or in concert acquires or
            becomes the beneficial owner of, directly or indirectly, more than 40% of the
22          voting securities of the Company, whether though the acquisition of previously
            issued and outstanding voting securities, or of voting securities that have not been
23          previously issued, or any combination thereof or any other transaction having a
            similar effect; or
24

25
        _____

26          [1]  Plaintiff's counsel waived his requests for oral argument.

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT                    -2-

(b)  the sale or transfer of the majority of the operating assets of the Company to an entity not controlled by the Company (the "New Company") and you are not offered employment with the New Company on substantially the same terms as the terms of your employment with Quadra.

Decl. of Steven W. Johnson (Dkt. # 25), Ex. 2 at ¶ 1.  Defendants were obligated to provide a written notice of the date a Change of Control occurred within thirty days of such change.  Id. at ¶ 4.

On May 21, 2010, Quadra merged with FNX Mining Company, resulting in a combination of workforces and shifting duties that plaintiff found unpalatable.  Although the merger was widely announced and written notice was provided to employees, the new company, Quadra-FNX, did not provide written notice that a Change of Control Date had been established.  On May 18, 2011, plaintiff wrote to management of the merged company, Quadra FNX, referring to the Addendum and claiming the benefits thereunder.

While I have not yet received the notice of Change of Control the Company is required to make, it is obvious that the merger between the Company and FNX Mining Company is a Change of Control as defined in the Addendum.  As is also as clear, the effect of this Change of Control has been to create a "fundamental change" in my position, duties, responsibilities, title and/or office which I had within the Company immediately prior to the merger.  As a result of this fundamental change and pursuant to the Addendum, I am now eligible to receive all of the benefit of the Addendum, including without limitation those rights detailed in Paragraph 6.  At your earliest convenience, please let me know how you would like to meet these obligations.

Decl. of Steven W. Johnson (Dkt. # 25), Ex. 5.  Quadra FNX responded on May 27, 2011, by informing plaintiff that the merger was not a Change of Control under the Addendum.  Plaintiff continued working for defendants until September 2011.

Plaintiff alleges that defendants breached the April 2009 Addendum to Employment Agreement when it refused to acknowledge that a Change of Control occurred and failed to provide the termination benefits promised in the Addendum.  Defendants argue that (1) the May 2010 merger did not involve a Change of Control as that term is defined in the Addendum, (2) plaintiff did not resign within twelve months of the Change of Control Date and

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT                    -3-

1   is therefore not entitled to termination benefits, and (3) there was no "fundamental change" in

2   plaintiff's duties or responsibilities that would trigger an obligation to pay benefits.

3          A Change of Control occurs when persons acting jointly or in concert acquire

4   more than 40% of the employer's outstanding stock.  Defendants argue that the shareholders of

5   FNX acted as autonomous units when determining whether to vote for or against the merger with

6   Quadra, negating the joint or concerted action requirement of ¶ 1(a) of the Addendum.  The

7   Court disagrees.  The merger that gave FNX shareholders a 48% share of the combined company

8   was distinct from the shareholder vote that authorized the merger in the first place.  Even if the

9   Court were to assume that each FNX shareholder voted his or her shares independently, once the

10  decision was made to pursue the merger, the shareholders acted jointly and in concert to convert

11  their FNX shares into a 48% stake in the combined company.  Reading the definition of Change

12  of Control in the context of the contract as a whole (Road & Highway Builders v. N. Nev. Rebar,

13  284 P.3d 377, 380-81 (Nev. 2012)), it is clear that the parties intended to afford key management

14  employees with protection from corporate realignments of this sort.  Defendants wanted to keep

15  plaintiff on the payroll despite rumors of potential mergers that would have an unpredictable and

16  potentially unsatisfactory impact on his job.  A merger of equals is exactly the type of Change of

17  Control that was likely to impact plaintiff since FNX came fully staffed with people performing

18  the same duties as plaintiff who would have to be integrated into a combined workforce.  The

19  ordinary meaning of the contract terms and the intent of the parties both support a finding that

20  the May 2010 merger was a Change of Control for purposes of the Addendum.

21          In light of that finding, defendants' argument that plaintiff waived his right to

22  termination benefits because he did not resign by May 21, 2011, is unpersuasive.  Quadra FNX

23  breached ¶ 4 of the Addendum when it failed to provide written notice of the "Change of Control

24  Date" within thirty days of the merger.  Defendants argue that they substantially complied with

25  the notice provision and/or that the breach was harmless because plaintiff was well aware that a

26

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT              -4-

merger had occurred on May 21, 2010.  The point of the notice provision, however, is to give the

employee (a) notice that a Change of Control has occurred, (b) a fixed date by which he or she

must resign in order to obtain the benefits promised in the Addendum, and (c) confirmation that

the employer understood that the Addendum had been triggered by a qualifying Change of

Control.  Contrary to defendants' argument, announcing that a merger occurred is not a

notification of a Change of Control Date:  that term is specifically defined in the Addendum,

and, in fact, defendants do not acknowledge that a Change in Control occurred, much less that a

Change of Control Date exists.  The third purpose of the provision is therefore not satisfied by a

mere announcement.  In the circumstances presented here, Quadra FNX effectively negated the

Addendum by refusing to acknowledge that a Change of Control occurred.  Plaintiff was placed

in the untenable position of having to choose between continuing to work, resulting in a loss of

the benefits of the Addendum, because no Change of Control Date had been designated or

resigning and running the risk that defendants would refuse to pay termination benefits because

no Change of Control had occurred.  When plaintiff specifically claimed a right to benefits under

the Addendum within twelve months of the merger, Quadra FNX declared that the merger was

not a Change of Control.  Decl. of Steven W. Johnson (Dkt. # 25), Ex. 6.  Having now

determined that defendants were wrong, the Court finds that Quadra FNX breached its obligation

to provide written notification (and implicit acknowledgment) of the Change of Control Date

and cannot enforce the provision that required plaintiff to resign within twelve months of the

unacknowledged Date.

Plaintiff is not, however, entitled to summary judgment on his breach of contract

claim.  There is a genuine issue of fact regarding whether plaintiff suffered "a fundamental

change in [his] position or duties, responsibilities, title or office" as a result of the Change in

Control.  Decl. of Jeffrey B. Youmans (Dkt. # 28), Ex. C at ¶ 2(b).  Defendants have presented

evidence that any post-merger changes in plaintiff's employment duties and responsibilities were

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT                    -5-

1    relatively minor.  Plaintiff, on the other hand, presents a description of his pre-merger duties and

2    responsibilities which, when compared with his more limited post-merger responsibilities raises

3    a reasonable inference that the merger and introduction of new staff worked a "fundamental

4    change" in his duties or responsibilities.  To the extent defendant justifies the changes as

5    reasonable staffing decisions or in the best interests of the company, the Court is not in a

6    position to dispute defendants' business judgments.  The question, however, is whether, given

7    the judgments and decisions made by defendants post-merger, plaintiff's duties and

8    responsibilities changed to such an extent that the escape hatch provided by the Addendum came

9    into play.  Because a reasonable jury could find that plaintiff quit for "Good Reason" as that

10   term is used in the April 2009 Addendum – or, in the alternative, that he did not have "Good

11   Reason" – the cross-motions for summary judgment on the breach of contract claim are

12   DENIED.

13                (2)  Federal courts sitting in diversity apply the choice of law rules of the forum

14   state.  Applying Washington's "most significant relationship test" (Zenaida-Garcia v. Recovery

15   Sys. Tech., Inc., 128 Wn. App. 256, 260 (2005)), the Court concludes that Washington's only tie

16   to plaintiff's age discrimination is the fact that plaintiff moved there in the summer of 2010.

17   Plaintiff was employed by a Nevada corporation headquartered in Nevada, his work during the

18   relevant time period primarily involved the provision of geological support for mines in Nevada,

19   both of the supervisors about whom he complains were based in Canada, and any reduction in

20   responsibilities or changes in duties involved plaintiff's work in Nevada, Chile, and Canada, not

21   Washington.[2]  The Court finds that Nevada law governs plaintiff's age discrimination claim.

22   Because plaintiff did not exhaust his administrative remedies under Nevada state law, the age

23   discrimination claim must be dismissed.  Pope v. Motel 6, 114 P.3d 277, 280 (Nev. 2005).

24   _____

25        [2]  Counsel's assertion that plaintiff moved to Washington at defendants' request and that defendants had
     an office in Washington (plaintiff's home) are unsupported.  Dkt. # 34 at 11.

26

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT              -6-

1        (3)  Plaintiff's promissory estoppel claim is based on the promises made in the

2    April 2009 Addendum to Employment Agreement.  There is no conflict between Washington

3    and Nevada law on this point:  where the promise is contained in an express contract, plaintiff's

4    rights are determined under the law of contracts and he need not – and may not – resort to a

5    promissory estoppel theory to extend or otherwise alter those rights.  See Spectrum Glass Co.,

6    Inc. v. PUD No. 1 of Snohomish County, 129 Wn. App. 303, 317 (2005); Vancheri v. GNLV

7    Corp., 105 Nev. 417, 421 (1989).

8

9        For all of the foregoing reasons, the parties' motions for summary judgment (Dkt.

10   # 24 and # 27) are GRANTED in part and DENIED in part.  Plaintiff's age discrimination and

11   promissory estoppel claims are DISMISSED.  Plaintiff has, however, established as a matter of

12   law that a Change of Control occurred, that Quadra FNX failed to provide written notification of

13   the Change of Control Date, and that plaintiff did not waive his rights under the Addendum by

14   continuing his employment passed May 21, 2011.  Plaintiff may proceed to trial on his breach of

15   contract claim.

16

17       Dated this 23rd day of October, 2013.

18

19

20   Robert S. Lasnik
    United States District Judge

21

22

23

24

25

26

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT    -7-